UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN ZYWICKI, Plaintiff,

v. Civil Action No. 3:15-cv-435-DJH

SAI NATH, LLC, Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On November 26, 2013, Plaintiff John Zywicki was staying at a Sleep Inn and Suites when he slipped and fell in the shower. (Docket No. 32-1, PageID # 180) Defendant Sai Nath, LLC owns the Sleep Inn and Suites. (*Id*.; D.N. 8, PageID # 36) Zywicki alleges that his injuries were caused by Sai Nath's negligence in maintaining the property. (D.N. 1-2, PageID # 5–7)

Zywicki originally filed suit on November 26, 2014 against only "Sleep Inn and Suites." (D.N. 36, PageID # 250) Then, on April 24, 2015, Zywicki filed an amended complaint naming Sai Nath, LLC as the defendant. (D.N. 32-1, PageID # 183) Sai Nath filed a motion for summary judgment, arguing that the amended complaint was not timely filed. (D.N. 32-1, PageID # 182–90) Zywicki contends that the amended complaint relates back to the original complaint, which was filed before the expiration of the limitations period. (D.N. 36, PageID # 250–51) After careful consideration, the Court concludes that the amended complaint does not relate back to the original complaint and the motion for summary judgment will be granted.

**I.    BACKGROUND**

Plaintiff John Zywicki, a resident of Wisconsin, checked in to the Sleep Inn and Suites in Shepherdsville, Kentucky on November 25, 2013. (D.N. 32-1, PageID # 180; D.N. 36, PageID # 248) The next day, on the morning of November 26, 2013, Zywicki took a shower in his hotel

1

room. (D.N. 32-1, PageID #181) While in the shower, Zywicki "stepped on the 4-inch shower drain cover with his left foot, lost his balance, and fell in the shower." (*Id.*) According to Zywicki, he fell because the drain cover was loose and improperly attached. (D.N. 1-2, PageID # 6) Zywicki claims that he injured his knees, lower back, upper back, neck, and toe because of the fall. (*Id.*) Zywicki also claims that he has headaches as a result of the fall. (*Id.*)

On November 26, 2014, Zywicki filed suit against Sleep Inn and Suites and sent the summons to 130 Spring Pointe Drive, Shepherdsville, Kentucky, 40165, "the address listed on the incident report provided to the Plaintiff." (D.N. 36, PageID # 250) But the hotel property is owned and operated by Sai Nath, LLC. (D.N. 1-2, PageID # 6; D.N. 9, PageID # 36) Zywicki filed an amended complaint on April 24, 2015, naming Sai Nath, LLC as the defendant, (D.N. 32-1, PageID # 183) alleging that it was negligent in maintaining the premises of the hotel. (D.N. 1-2, PageID # 6) In response, Sai Nath filed a motion for summary judgment, arguing that the plaintiff's claims are barred by the statute of limitations, and alternatively, that it is entitled to summary judgment because a shower is an open and obvious condition. (D.N. 32-1, PageID # 182–90) The defendant also contends that Zywicki waived his damages claims by failing to provide itemized damages claims during discovery. (*Id.*, PageID # 190–91)

Zywicki responds that the original complaint was filed in a timely fashion and the amended complaint relates back to the initial filing. (D.N. 36, PageID # 250–51) Additionally, the plaintiff argues that the defendant is not entitled to summary judgment because Sai Nath did not keep the premises in a "reasonably safe" condition. (*Id.* PageID # 251–53) Finally, Zywicki states that he provided Sai Nath with a total damages claim at the settlement conference and will provide an itemized list immediately, but contends that the defendant has not been prejudiced by this failure and thus summary judgment is inappropriate. (*Id.*, PageID # 253–54)

**II.     DISCUSSION**

In Kentucky, a personal-injury claim must "commence[] within one (1) year after the cause of action accrued." Ky Rev. Stat. § 413.140(1)(a).  The parties agree that Zywicki's cause of action accrued on November 26, 2013, when he fell in the shower.  (D.N. 1-2, PageID # 6; D.N. 32-1, PageID # 183)  Zywicki first sued Sleep Inn and Suites on November 26, 2014, but did not name Sai Nath as a defendant.  (D.N. 36, PageID # 250)  Zywicki filed the instant action against Sai Nath on April 24, 2015, well past the limitations period.  (*Id.*, PageID # 5–6; D.N. 32-1, PageID # 183)

Zywicki seeks to avoid the statute of limitations bar to his claims against Sai Nath by arguing that his claims against Sai Nath relate back to the original November 26, 2014 complaint.  (D.N. 36, PageID # 250)  "The question of whether an amendment to a complaint relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in a diversity case."  *Bishop v. Atmos Energy Corp.*, 161 F.R.D. 339, 341 (W.D. Ky. 1995) (citing *Simmons v. South Central Skyworker's Inc.*, 936 F.2d 268, 270 (6th Cir. 1991)).  Rule 15(c) provides that an amendment relates back when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The Sixth Circuit has limited relation back under Rule 15(c) to mistakes regarding a party's identity and has made clear that it is not to be used as a tool to add a new party. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (citing *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 218 (6th Cir. 1978)).

In *Smith v. City of Akron*, the plaintiff filed suit against the City of Akron, the Akron Police Department, and "John and Jane Doe Nos. 1-10" on the last day of the limitations period, alleging excessive force during an arrest. 476 F. App'x at 68. After the statute of limitations had expired, the plaintiff amended the complaint to add two police officers as defendants. *Id*. The Sixth Circuit held that the plaintiff's claims against the officers did not relate back to the original complaint under Rule 15. *Id*. at 69. The Sixth Circuit reasoned that the plaintiff did not satisfy Rule 15's "mistaken identity" requirement because he "did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period." *Id*. The Sixth Circuit explained that

> Because he waited until the last day of the two-year limitations period to file his complaint, that left no time to discover the identity of his arresting officers within the relevant time. Even after *Krupski,* Rule 15(c) offers no remedy for this problem. The Rule allows relation back for the mistaken identification of defendants, not for defendants to be named later through "John Doe," "Unknown Defendants" or other missing appellations. Our approach is consistent with the holdings of every other circuit on this issue.

*Id*.

Zywicki argues that the requirements of Rule 15(c) are met here because the claims arose out of the same conduct and the complaint was sent to the hotel's address within the statutory period. (D.N. 36, PageID # 250) In trying to determine the owner of the property, counsel for

4

Zywicki claims that he made diligent efforts to determine the proper defendant, including making "numerous calls" to Sleep Inn and Suites and searching the Kentucky Secretary of State's records, the County's Property Value Administrator website, the property's deed, and the hotel's elevator inspection certificate. (*Id*., PageID # 250–51)

Notwithstanding these efforts, the shortcomings found in *Smith v. City of Akron* are also found here. As in *Smith*, Zywicki "did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the . . . limitations period." 476 F. App'x at 69. The efforts of Zywicki's counsel indicate that the plaintiff intended to sue the owner and operator of the hotel, but he had difficulty finding that information and failed to do so during the statutory period. *See id*. Like the plaintiff in *Smith*, Zywicki had a "missing appellation" and filed his complaint on the last day of the limitations period, which "left no time to discover the identity of [the hotel's owner] within the relevant time." *Id*. As the Sixth Circuit has explained, Rule 15(c) offers no remedy for this problem. *Id*. The Court finds that Zywicki's amended complaint, which names Sai Nath as a defendant, does not relate back to the original complaint and thus is barred by the statute of limitations. Therefore, the amended complaint was not timely filed. *See* Ky Rev. Stat. § 413.140(1)(a).

### III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficient advised it is hereby

**ORDERED** that the defendant's motion for summary judgment (D.N. 32) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's docket. A separate judgment will be entered this date.